The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



_____
John P. Gustafson
United States Bankruptcy Judge

Dated: April 21 2023

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | : | **Chapter 13 Proceeding** |
| | : | |
| **Renee Katherine Andrews,** | : | **Case No. 23-60090** |
| | : | |
| **Debtor.** | : | **Judge John Gustafson** |
| | : | |

## ORDER CONFIRMING PLAN

The Chapter 13 First Amended Plan in this case, filed as attached, came on for Confirmation at a hearing before the Court. Based upon the papers filed in this case, information presented by the Chapter 13 Trustee (the "Trustee") and such other matters, if any, presented by Debtor (or Debtors in a joint case) (the "Debtor"), Debtor's Counsel, any Objections, or any other interested party, the Court finds that:

1. Notice of the confirmation hearing was duly given.

2. The Plan complies with applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code").

**IT IS THEREFORE ORDERED THAT:**

1. The Plan is confirmed in all respects not contrary to prior or subsequent orders of the Court.

2. Debtor shall not incur additional debt exceeding $2,000.00 in the aggregate without notice to the Trustee and approval of the Court, except that debt for the purchase or lease

of a motor vehicle may be incurred in excess of the $2,000.00 limit with prior approval of the Chapter 13 Trustee in conformance with Administrative Order No. 21-1.

3. Debtor shall not transfer any interest in real property without the Court's approval.

4. All property of the estate scheduled in accordance with Bankruptcy Rule 1007(h), shall vest in Debtor(s) pursuant to 11 U.S.C. §1327(b). All property of the estate that is not properly scheduled, or any property that is acquired subsequent to the filing of the petition, does not vest to Debtor(s) and remains property of the estate unless otherwise Court ordered.

5. The Attorney for Debtor(s) is hereby awarded a total fee of $800.00, of which $150.00 has been paid. The balance will be paid through the Chapter 13 Plan as an administrative claim pursuant to 11 U.S.C §503(b)(2).

6. Interest shall be paid to non-governmental creditors with a valid security interest in personal property belonging to Debtor(s) at the current Prime Rate as shown in the Wall Street Journal Money Rates plus a risk factor of two percent (2%) pursuant to *Till v. S.C.S. Credit Corp.*, 541 U.S. 465 (2004), or at the rate as indicated in a validly filed proof of claim, whichever is less. This section shall not apply to any creditor who has obtained a separate Order from this Court regarding the applicable interest rate on its claim.

###

**Submitted By:**

/s/ Dynele L. Schinker-Kuharich
Dynele L. Schinker-Kuharich
Chapter 13 Trustee
A. Michelle Jackson Limas (#0074750)
Staff Counsel to the Chapter 13 Trustee
200 Market Avenue North, Suite 30
Canton, Ohio 44702
Telephone: 330.455.2222
Facsimile: 330.754.6133
Email: DLSK@Chapter13Canton.com

**NOTICES TO:**

Office of the United States Trustee, via the Court's Electronic Case Filing System at [RegisteredEmailAddress]@usdoj.gov

Office of the Chapter 13 Trustee, via the Court's Electronic Case Filing System at DLSK@Chapter13Canton.com

Jonathon Carl Elgin, Counsel for Renee Katherine Andrews, via the Court's Electronic Case Filing System at jc@jcelgin.com

Renee Katherine Andrews, Debtor, via regular mail at:
1484 Maxwell Drive
Mansfield, OH 44906-2376

| Debtor 1 | **Renee Katherine Andrews** |
|---|---|
| | First Name / Middle Name / Last Name |
| Debtor 2 (Spouse, if filing) | First Name / Middle Name / Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF OHIO |
| Case number: (If known) | 23-60090 |

**FIRST AMENDED**

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Payment Amt, Rent Amt

Official Form 113
# Chapter 13 Plan                                                                                   12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make regular payments to the trustee as follows:

**$75** per **Month** for **36** months

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 Regular payments to the trustee will be made from future income in the following manner.

Check all that apply:
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☑ Other (specify method of payment):
**Trustee Payments VIA TFS**

APPENDIX D                              Chapter 13 Plan                              Page 1

23-60090-jpg    Doc 19    FILED 03/16/23    ENTERED 03/16/23 12:27:12    Page 1 of 5
23-60090-jpg    Doc 27    FILED 04/21/23    ENTERED 04/21/23 15:17:41    Page 4 of 10

**2.3 Income tax refunds.**
*Check one.*

See Docket No. 24
Order dated 4-6-2023

- [ ] Debtor(s) will retain any income tax refunds received during the plan term.
- [ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
- [✓] Debtor(s) will treat income refunds as follows:
  **Debtor will supply the trustee with a copy of each income tax return filed during the plan term, if required to file, within 14 days of filing the return and wil turn over to the trustee all income tax refunds received during the plan term that exceed $2,000.**

**2.4 Additional payments.**
*Check one.*
- [✓] **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $**2,700.00**.

### Part 3: Treatment of Secured Claims

**3.1** Maintenance of payments and cure of default, if any.

*Check one.*
- [✓] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2** Request for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*

- [✓] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3** Secured claims excluded from 11 U.S.C. § 506.

*Check one.*
- [✓] **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4** Lien avoidance.

*Check one.*
- [✓] **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** Surrender of collateral.

*Check one.*
- [✓] **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### Part 4: Treatment of Fees and Priority Claims

**4.1** General
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** Trustee's fees
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**270.00**.

**4.3** Attorney's fees.

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**650.00**.

**4.4** Priority claims other than attorney's fees and those treated in § 4.5.

*Check one.*
- [✓] **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

Official Form 113                          Chapter 13 Plan                          Page 2

23-60090-jpg   Doc 19   FILED 03/16/23   ENTERED 03/16/23 12:27:12   Page 2 of 5
23-60090-jpg   Doc 27   FILED 04/21/23   ENTERED 04/21/23 15:17:41   Page 5 of 10

Debtor  **Renee Katherine Andrews**    Case number  **23-60090**

**4.5  Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

- [x] **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5:  Treatment of Nonpriority Unsecured Claims

**5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

- [ ] The sum of $ _____ .
- [x] __11.00__ % of the total amount of these claims, an estimated payment of $ __1,520.00__ .
- [ ] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

See Docket No. 24
Order dated 4-6-2023

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ __169.50__ . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- [x] **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3  Other separately classified nonpriority unsecured claims.** *Check one.*

- [x] **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6:  Executory Contracts and Unexpired Leases

**6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

- [ ] **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
- [x] **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments to trustee |
|---|---|---|---|---|---|
| Homestead Place | month to month | $550.00 Disbursed by: ☐ Trustee ☑ Debtor(s) | $0.00 | | $0.00 |

*Insert additional contracts or leases as needed.*

## Part 7:  Vesting of Property of the Estate

**7.1  Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
- [x] plan confirmation.
- [ ] entry of discharge.
- [ ] other: _____

Official Form 113    Chapter 13 Plan    Page 3

| Debtor | Renee Katherine Andrews | Case number | 23-60090 |
|---|---|---|---|

## Part 8: Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions**
☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signature(s):

**9.1** **Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X **/s/ Renee Katherine Andrews**
**Renee Katherine Andrews**
Signature of Debtor 1

X _____
Signature of Debtor 2

Executed on **March 16, 2023**

Executed on _____

X **/s/ Jonathon C. Elgin**
**Jonathon C. Elgin**
Signature of Attorney for Debtor(s)

Date **March 16, 2023**

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

Official Form 113     Chapter 13 Plan     Page 4

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | Maintenance and cure payments on secured claims *(Part 3, Section 3.1 total)* | $0.00 |
| b. | Modified secured claims *(Part 3, Section 3.2 total)* | $0.00 |
| c. | Secured claims excluded from 11 U.S.C. § 506 *(Part 3, Section 3.3 total)* | $0.00 |
| d. | Judicial liens or security interests partially avoided *(Part 3, Section 3.4 total)* | $0.00 |
| e. | Fees and priority claims *(Part 4 total)* | $1,180.00 |
| f. | Nonpriority unsecured claims *(Part 5, Section 5.1, highest stated amount)* | $1,520.00 |
| g. | Maintenance and cure payments on unsecured claims *(Part 5, Section 5.2 total)* | $0.00 |
| h. | Separately classified unsecured claims *(Part 5, Section 5.3 total)* | $0.00 |
| i. | Trustee payments on executory contracts and unexpired leases *(Part 6, Section 6.1 total)* | $0.00 |
| j. | Nonstandard payments *(Part 8, total)* + | $0.00 |
| | **Total of lines a through j** | **$2,700.00** |

Official Form 113                                Chapter 13 Plan                                Page 5

23-60090-jpg   Doc 19   FILED 03/16/23   ENTERED 03/16/23 12:27:12   Page 5 of 5
23-60090-jpg   Doc 27   FILED 04/21/23   ENTERED 04/21/23 15:17:41   Page 8 of 10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **In Re:** | : | **Chapter 13 Proceeding** |
| **Renee Katherine Andrews,** | : | **Case No. 23-60090** |
| **Debtor.** | : | **Judge John Gustafson** |

## JOINT STIPULATION

Now comes Chapter 13 Trustee, Dynele L. Schinker-Kuharich, and Debtor, Renee Katherine Andrews, by and through the undersigned counsel, and jointly stipulate and agree to the following:

1. Part 2.3 of the plan is hereby amended to check box two (2) indicating that Debtor will supply the Trustee with a copy of each income tax return filed during the plan term within fourteen (14) days and will turn over to the Trustee all income tax refunds received during the plan term.

2. Part 5.1 of the plan is hereby amended to indicate that the general unsecured creditors shall receive 11% or the funds remaining after disbursements have been made to all other creditors provided for in this Plan, whichever is greater.

**Submitted By:**

/s/ A. Michelle Jackson Limas
A. Michelle Jackson Limas (0074750)
Staff Counsel to the Chapter 13 Trustee
Dynele L Schinker-Kuharich (0069389)
Chapter 13 Trustee
200 Market Avenue North, Ste. 30
Canton, OH 44702
Telephone: 330.455.2222
Facsimile: 330.754.6133
Email: DLSK@Chapter13Canton.com

**Approved By:**

/s/ Jonathon Carl Elgin
Jonathon Carl Elgin (0096390)
Counsel for Renee Katherine Andrews
JC Elgin Co., LPA
6 Water St.
Shelby, OH 44875
Telephone: 567.275.1040
Email: jc@jcelgin.com

**NOTICES TO:**

Office of the United States Trustee, via the Court's Electronic Case Filing System at [RegisteredEmailAddress]@usdoj.gov

Office of the Chapter 13 Trustee, via the Court's Electronic Case Filing System at dlsk@Chapter13Canton.com

Jonathon Carl Elgin, Counsel for Renee Katherine Andrews, via the Court's Electronic Case Filing System at jc@jcelgin.com

Renee Katherine Andrews, Debtor, via regular mail at:
1484 Maxwell Drive
Mansfield, OH 44906-2376